UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HART, DERRILL FUSSELL, KEVIN EWING, TIMOTHY GARRISON, STEVEN RINDAL, and KATHY LAFRENIERE,<br><br>Plaintiffs,<br><br>v.<br><br>SKAGIT COUNTY SHERIFF DONALD MCDERMOTT, SKAGIT COUNTY PROSECUTING ATTORNEY RICHARD WEYRICH, COUNTY OF SKAGIT, and RLI INSURANCE COMPANY, | CASE NO. C23-503<br><br>ORDER STAYING CASE |

This matter comes before the Court sua sponte. Currently pending before the Court are Plaintiffs' Emergency Motion for Writ of Mandamus (Dkt. No. 16), Motion to Change Venue (Dkt. No. 29), Motion to Disqualify (Dkt. No. 33), Motion to File an Amended Complaint (Dkt. No.36) and Defendant's Motion to Dismiss (Dkt. No. 22). Plaintiffs have also filed five related cases (Hart v. Weyrich, 2:23-cv-884; Hart v. Janicki, 23-cv-832; Hart v. Weyrich, 2:23-cv-311; Hart v. Perkins, 2:23-cv-312; and Hart v. Wesen, 2:23-cv-309). The Court consolidated Hart v.

Weyrich (C23-311), Hart v. Perkins, and Hart v. Wesen (case no. 2:23-cv-309), but has yet to consolidate the remaining cases. Plaintiffs have filed multiple motions in each respective case and Defendants have filed motions to dismiss in each case. In light of these pending motions, the Court sua sponte STAYS the case until the current motions are resolved.

## ANALYSIS

**A.     The Court's Authority to Issue a Stay**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). The inherent power to stay includes granting an order to stay "pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). And courts have the power to consider stays sua sponte. Ali v. Trump, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017).

In determining the propriety of a stay, the Court must "weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55. Such balance includes consideration of "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, 300 F.2d at 268. A stay is appropriate when it will serve the interests of judicial economy by allowing for development of factual and legal issues, and when weighing of the hardships favors granting of a stay. See, e.g., Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

1    Due to the recent motions brought before the Court, the Court considers sua sponte
2    whether to impose a stay based on the relevant factors.
3        1.      Damage from a Stay
4    The Court finds no risk of damage to either party due to a stay. The stay considered by
5    the Court is not an indefinite one. It will only be stayed while the Court considers and rules on
6    the motions already pending before it. This is a temporary stay that will not cause any needless
7    delay of the resolution of the case. And the Court finds that absent a stay Plaintiffs will likely
8    continue to file motions that will unnecessarily use additional government resources and add to
9    the backlog of cases.
10       2.      Hardship or Inequity
11   "[H]ardship or inequity may result to both parties if the [c]ourt does not pause to consider
12   issues . . . because of the potential for inconsistent rulings and resulting confusion to law
13   enforcement agencies and the public." Ali, 241 F. Supp. 3d at 1153 (internal quotation omitted).
14   Given the number of related cases and the motions that Plaintiffs have filed in each case, the
15   Court finds that inequity would result if the Court does not stay the case to deal with the issues
16   currently before it in each case given that the cases have many overlapping issues.
17       3.      The Orderly Course of Justice
18   The Court finds this final factor too weighs in favor of a stay. The Court is currently
19   dealing with a backlog of motions filed by the Plaintiffs. The Court finds a stay will promote
20   judicial economy as it will temporarily limit Plaintiffs ability to continue filing motions while the
21   Court takes time to deal with the motions previously filed. This factor therefore strongly favors a
22   stay.

**CONCLUSION**

For the foregoing reasons, the Court STAYS this case. The Court will stay the case until the Court can issue orders on the motions currently pending in this case. The Court informs the parties they are not to file any additional motions until the Court lifts the stay.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 7, 2023.

Marsha J. Pechman
United States Senior District Judge