1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HART, et al., | CASE NO. C23-503 MJP |
| Plaintiffs, | ORDER DENYING MOTIONS TO DISQUALIFY |
| v. | |
| DONALD McDERMOTT, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motions to Disqualify. (Dkt. Nos. 33, 40.) Having reviewed both Motions, and all supporting materials, the Court DENIES the Motions.

**BACKGROUND**

Plaintiffs seek to disqualify the Skagit County Prosecuting Attorney and Erik Pederson, a deputy attorney for the Skagit County Prosecuting Attorney, on the theory that they have a conflict of interest under Washington Rule of Professional Conduct 1.7 that prevents them from representing Defendants. Plaintiffs argue that it the Prosecuting Attorney cannot represent

1  Defendants because doing so is outside of the Prosecuting Attorney's powers and would be a

2  misuse of public funds, particularly since they believe the County did not timely authorize the

3  representation.

4  **ANALYSIS**

5    Washington courts are reluctant to disqualify an attorney absent compelling

6  circumstances. Pub. Util. Dist. No. 1 of Klickitat Co. v. Int'l Ins. Co., 124 Wn.2d 789, 812, 881

7  P.2d 1020 (1994). Disqualification is considered "a drastic measure which courts should hesitate

8  to impose except when absolutely necessary." United States ex rel. Lord Elec. Co., Inc. v. Titan

9  Pac. Constr. Corp., 637 F. Supp. 1556, 1562 (W.D. Wash. 1986) (citing Freeman v. Chicago

10 Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982)).

11   This Court's Local Civil Rule 83.3 (a)(2) directs that "attorneys appearing in this district

12 shall . . . comply with . . . the Washington Rules of Professional Conduct (RPC)." Rule 1.7

13 states, in full:

14   (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the
   representation involves a concurrent conflict of interest. A concurrent conflict of interest

15   exists if:

16   (1) the representation of one client will be directly adverse to another client; or
   (2) there is a significant risk that the representation of one or more clients will be

17   materially limited by the lawyer's responsibilities to another client, a former client
   or a third person or by a personal interest of the lawyer.

18
   (b) Notwithstanding the existence of a concurrent conflict of interest under

19   paragraph (a), a lawyer may represent a client if:

20   (1) the lawyer reasonably believes that the lawyer will be able to provide
   competent and diligent representation to each affected client;

21   (2) the representation is not prohibited by law;
   (3) the representation does not involve the assertion of a claim by one

22   client against another client represented by the lawyer in the same litigation or
   other proceeding before a tribunal; and

23   (4) each affected client gives informed consent, confirmed in writing
   (following authorization from the other client to make any required disclosures).

24

ORDER DENYING MOTIONS TO DISQUALIFY - 2

RPC 1.7.

Plaintiffs argue that the Skagit County Prosecuting Attorney and Pedersen cannot represent Defendants because doing so is prohibited by law and therefore in violation of RPC 1.7(b)(2). (Mot. to Disqualify at 4 (Dkt. No. 33).) The argument misses the mark. RPC 1.7 deals with conflicts of interest, and Plaintiffs have not identified any conflict of interest. This is fatal to their motion. Moreover, Plaintiffs have not shown how the representation is prohibited by law. Skagit County Code permits Skagit County to "provide legal services for the defense of any of its officers, employees or volunteers when a lawsuit against them arises out of an official act or omission if the requirements of this section are met." Skagit County Code (SCC) 2.20.030(1). And the defense may be provided in cases such as the one Plaintiffs have filed, which arise out of "acts or omissions occurring during their tenure of office or employment." SCC 2.20.030(2). Plaintiffs suggest that the defense is improper because the Skagit County Code forbids the County to "defend a charge of official misconduct, willful misconduct or to defend the right to hold office." SCC 2.20.030(2). But Plaintiffs' complaint does not constitute a charge of official or willful misconduct or the right to hold office. Though undefined in the Skagit County Code, the term "charge" is generally understood to mean "[a] formal accusation of an offense as a preliminary step to prosecution." CHARGE, Black's Law Dictionary (11th ed. 2019). Plaintiffs' complaint does not constitute a preliminary step to prosecution, given that Plaintiffs are citizens without the authority to enforce the criminal code provisions they have identified. And even if their complaint could be considered a "charge," it does not contain colorable allegations of official or willful misconduct or that Defendants are "defend[ing] the right to hold office," as the Court has explained in its separate Order of Dismissal.

1        The Court also finds no merit in Plaintiffs' argument that it should disqualify the Skagit

2 County Prosecuting Attorney and Pedersen for not obtaining County approval to represent the

3 Defendants. County Commissioners cannot unilaterally hire another attorney because "county

4 boards of commissioners do not possess statutory authority to appoint outside counsel over the

5 objection of an able and willing prosecuting attorney." State ex rel. Banks v. Drummond, 87

6 Wn.2d 157, 182 (2016) as amended (Feb. 8. 2017). There is thus a presumption that Defendants

7 had to utilize the prosecutor's office for their representation. And it appears the County did

8 authorize the Prosecuting Attorney and Pedersen to represent Defendants on April 17, 2023. (See

9 Hart v. Janicki, C23-832 MJP, Plaintiffs' Request for Judicial Notice Ex. 1 (Dkt. No. 14 at 9-12)

10 (W.D. Wash.).) And Pedersen filed his notice of appearance after this date. This undermines

11 Plaintiffs' theory, which is entirely unfounded.

12 **CONCLUSION**

13        Plaintiffs' have failed to satisfy their heavy burden to demonstrate that disqualification is

14 proper. The Motions are not well founded, and the Court DENIES them.

15        The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

16        Dated August 31, 2023.

17

18                        Marsha J. Pechman
                       United States Senior District Judge

19

20

21

22

23

24