|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| CODY HART, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD McDERMOTT, et al.,<br><br>　　　　　Defendants. | CASE NO. C23-503 MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(1) AND RULE 12(B)(6) AND DENYING PLAINTIFFS' MOTION TO AMEND |

This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. No. 22) and Plaintiffs' Motion For Leave to Amend (Dkt. No. 36). Having reviewed the Motions, the Opposition (Dkt. No. 24), the Reply (Dkt. No. 27), and all supporting materials, the Court GRANTS the Motion to Dismiss and DENIES the Motion to Amend. The Court DISMISSES this action WITH PREJUDICE.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(1) AND RULE 12(B)(6) AND DENYING PLAINTIFFS' MOTION TO AMEND - 1

# BACKGROUND

Pro se Plaintiffs allege that Defendant Donald McDermott, Skagit County Sheriff, and Richard Weyrich, Skagit County Prosecuting Attorney, failed to act on Plaintiff Cody Hart's various requests that they commence criminal actions against Skagit County election officials for allegedly improper acts in the Fall of 2022. (See Complaint ¶¶ 13-21 (Dkt. No. 1).) Plaintiffs allege that these acts violated state and federal law. They also allege that both McDermott and Weyrich violated the public bonding and oath of office requirements. The Court reviews the specific allegations in more detail below.

Plaintiff Hart alleges that in September 2022, he contacted Skagit 911 by phone and later filed a paper request to report "voting violations" during the August 2022 Federal Primary Election. (Compl. ¶ 14.) Hart demanded that McDermott and Weyrich initiate a criminal complaint against the election officials. Plaintiffs alleges that a Skagit County detective (not named as a party) informed Hart that neither McDermott nor Weyrich would act on his request and that further requests to file criminal complaints would not be accepted from Hart. (Id.) The detective told Hart to contact the Washington Attorney General's Office instead, which refused to take action without the participation of the Skagit County Prosecutor. (Id.) In November 2022, Hart again contacted 911 and alleged that he was being improperly excluded from the Skagit County voting center where "Election workers were inside concealing canvassing and tabulation of thousands of November 2022 Federal Election ballots." (Id. ¶ 15.) The Mount Vernon Police Department responded to the call and informed Hart that they did not have jurisdiction and would not respond. (Id.) Plaintiffs do not allege that they ever contacted any of the named Defendants about this incident.

1    Plaintiffs also allege that McDermott and Weyrich failed to timely obtain official bonds
2    or sign oaths of office before January 1, 2023. (Compl. ¶¶ 16-21.) But Plaintiffs have attached to
3    their complaint what they label "Certified Official Bonds," showing that both Weyrich and
4    McDermott timely obtained official bonds and signed their oaths of office before January 1,
5    2023, though they were not deposited with the County until February 1, 2023. (See Ex. 4 to
6    Complaint (Dkt. No. 1 at 70-75).) Plaintiffs nevertheless allege that Weyrich and McDermott
7    vacated their offices by not timely depositing public bonds in violation of state law. (Id. ¶ 21.)
8    Based on these factual allegations, Plaintiffs list a number of purported federal and state
9    law claims.
10   Plaintiffs' complaint alleges at least three categories of federal claim. First, Plaintiffs
11   allege that McDermott violated the Equal Protection clause of the Fourteenth Amendment by
12   "obstructing and prevent[ing a] criminal filing against public officials with the office of Skagit
13   County Sheriff through written requests and Skagit 911 phone requests." (Compl. ¶ 28.)
14   Plaintiffs allege that this "denied the Plaintiffs of their right to Equal protection [sic] of the laws
15   and created a cause of action under the United States Constitution[.]" (Id.) Plaintiff make the
16   same allegation as to Weyrich. (Id. ¶ 29.) Second, Plaintiffs allege that Defendants violated
17   various federal criminal statutes: (1) 18 U.S.C. § 245; (2) 18 U.S.C. § 241; (3) 18 U.S.C. § 242;
18   and (4) 18 U.S.C. § 1001. (Compl. ¶¶ 30-40, 52-53.) Lastly, they allege that by failing to obtain
19   public bonds in violation of their oath of office, McDermott and Weyrich were "no longer public
20   officials bound by an oath to the Constitution in violation of the United States Constitution Art.
21   VI.C3.1.1. Oath of Office Requirement." (Id. ¶ 51.)
22   Plaintiffs pursue several claims under state law. First, they allege that McDermott
23   violated RCW 36.28.011 by failing to "make complaint [sic] of violations of the criminal law
24

submitted to him." (Compl. ¶ 23.) Second, Plaintiffs allege that both McDermott and Weyrich violated RCW 9A.80.010 by refusing or neglecting not make a criminal complaint based on Plaintiffs' reporting of crimes. (Id. ¶¶ 25-26.) Third, Plaintiffs allege that Defendants and Weyrich violated RCW 36.16.050 by refusing or neglecting to furnish an official bond before entering into their official duties and that this creates a cause of action against RLI Insurance Company, the bond surety under RCW 42.08.020. (Id. ¶¶ 41-45.) Fourth, Plaintiffs allege that McDermott and Weyrich violated RCW 42.20.100 by conducting official actions without an official bond in place and that this caused a vacancy under RCW 42.12.010. (Id. ¶¶ 46-49.) Lastly, Plaintiffs seek leave of court to file their bond-related claims under RCW 42.08.030. (Id. ¶¶ 54-55.)

Defendants ask the Court to take judicial notice of prior state court proceedings Plaintiffs filed in Snohomish County Superior Court against Skagit County offices and other similar actions filed in this District. The Court is aware of these other proceedings, but declines to take judicial notice of them, as doing so is unnecessary to resolve the Motion to Dismiss.

## ANALYSIS

A.  **Legal Standards**

Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss for lack of subject matter jurisdiction. Upon such a motion, the plaintiff party bears the burden of establishing the court's jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In contrast, a motion to dismiss for failure to state a claim tests the legal sufficiency of the claims Under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to

1   support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097,

2   1104 (9th Cir. 2008). In ruling on a Rule 12(b)(6) motion, the Court must accept all material

3   allegations as true and construe the complaint in the light most favorable to the non-movant.

4   Wyler Summit P'Ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). To survive

5   dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a

6   claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing

7   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). And "a district court ruling on a

8   motion to dismiss may consider a document the authenticity of which is not contested, and upon

9   which the plaintiff's complaint necessarily relies." Parrino v. FHP, Inc., 146 F.3d 699, 705–06

10  (9th Cir. 1998), superseded by statute on other grounds.

11  **B.     Subject Matter Jurisdiction**

12       The Court finds it lacks subject matter jurisdiction over this action because Plaintiffs do

13  not have Article III standing to pursue the claims alleged in this case.

14       Article III of the Constitution limits the jurisdiction of federal courts to actual "cases" and

15  "controversies." U.S. Const. art. III, § 2. "One element of the case-or-controversy requirement is

16  that plaintiffs must establish that they have standing to sue." Clapper v. Amnesty Int'l USA, 568

17  U.S. 398, 408 (2013) (internal quotation and citation omitted). To establish standing "a plaintiff

18  must show (1) [they have] suffered an injury in fact that is (a) concrete and particularized and (b)

19  actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the

20  challenged action of the defendant and (3) it is likely, as opposed to merely speculative, that the

21  injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envt'l.

22  Serv. Inc., 528 U.S. 167, 180-81 (2000). "The plaintiff, as the party invoking federal jurisdiction,

23  bears the burden of establishing these elements." Spokeo, Inc. v. Robins, 578 U.S. 330, 338

24

(2016). "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating each element." Id. (internal quotation and citation omitted). And "a plaintiff cannot establish standing by asserting an abstract general interest common to all members of the public, no matter how sincere or deeply committed a plaintiff is to vindicating that general interest on behalf of the public." Carney v. Adams, ___ U.S. ___, 208 L. Ed. 2d 305, 141 S. Ct. 493, 499 (2020) (citation and quotation omitted).

Plaintiffs' complaint fails to identify any concrete or particularized injury sufficient to confer standing as required under Article III. First, other that Hart, none of the other named Plaintiffs is alleged to have taken any action or suffered any injury. There are therefore no allegations that these individuals suffered any injury that might confer standing. Second, none of the Plaintiffs has identified any injury arising out of the alleged failure of McDermott and Weyrich to file criminal complaints or to publicly file their timely-obtained and timely-signed public bonds and oaths of office. Plaintiffs fail to identify any concrete, personal injury from these alleged omissions or untimely acts or an injury that could be redressed from the relief sought. At most, Plaintiffs have identified an injury to a public interest that is common to all members of the public. This is not a basis to satisfy the injury-in-fact requirement of standing. See Carney, 141 S. Ct. at 499. Based on the allegations, the Court finds that Plaintiffs lack standing to pursue all of their claims. The Court therefore DISMISSES this action for lack of subject matter jurisdiction.

The Court separately analyzes the standing-related defect in Hart's Equal Protection claim. This claim—which is only adequately alleged as to Hart—fails to identify an actual injury to a constitutional right required to confer standing. Hart alleges that he was deprived of the ability to make "criminal filing[s] against public officials." (Compl. ¶ 14; id. ¶¶ 28-29.) But "a

private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). As such, being prevented from making criminal complaints does not identify a concrete injury to a personal right protected by the Constitution. Hart lacks standing to pursue the Equal Protection claim.

Because Plaintiffs have failed to provide sufficient allegations to demonstrate standing, and their Opposition brief is entirely silent on this issue, the Court GRANTS the Motion to Dismiss and DISMISSES this action in full for lack of subject matter jurisdiction.

C. **Plaintiffs Fail to State A Claim**

In addition and as an alternative, the Court finds that Plaintiffs have failed to state a claim and that dismissal is also appropriate under Rule 12(b)(6). The Court reviews the pleading defects as to the various federal and state law claims.

1. **Equal Protection Claim**

Hart has failed to allege a viable Equal Protection claim. The Court analyzes this as to Hart alone, because he is the only named plaintiff to be associated with this claim.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). The plaintiff must provide evidence of discriminatory intent or motive. Navarro v. Block, 72 F.3d 712, 716 (9th Cir. 1995). A plaintiff may pursue a "class of one" Equal Protection claim, but this requires the plaintiff to "allege[] that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074, 145 L. Ed. 2d 1060 (2000).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(1) AND RULE 12(B)(6) AND DENYING PLAINTIFFS' MOTION TO AMEND - 7

1    Hart has not satisfied any of the elements of his Equal Protection Act claim. First, as
2    explained above Hart has not identified a constitutional right that has been injured in violation of
3    Equal Protection because "a private citizen lacks a judicially cognizable interest in the
4    prosecution or nonprosecution of another." Linda, 410 U.S. at 619. Second, Hart has not alleged
5    that he is a member of a protected class or that he has been treated differently than a similarly-
6    situated individual. Third, there are no allegations that McDermott and Weyrich have acted with
7    any intentional, discriminatory purpose or that their actions lack reason. So even if Hart had
8    standing, he has failed to allege a viable claim. This is an alternative basis on which the Court
9    DISMISSES the Equal Protection claim under Rule 12(b)(6).

### 2.    No Private Right of Action under Title 18 or under the Constitution

In addition to lacking standing, Plaintiffs cannot pursue any claims under Title 18 of the United States Code. As private citizens, Plaintiffs cannot enforce the federal criminal code in Title 18. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). This is an independent basis on which the Court DISMISSES Plaintiffs' Title 18 claims—the Fourth, Fifth, Sixth, and Twelfth causes of action—under Rule 12(b)(6).

Additionally, Plaintiffs' Article VI claim fails because they cannot sue directly under the United States Constitution. "[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992). Even if Plaintiffs had alleged a claim under § 1983, it fails to state a claim. Both Weyrich and McDermott signed their oaths of office before January 1, 2023, which contradicts the alleged constitutional violation. Even if Plaintiffs had standing to bring this claim—which they do not—

the DISMISSES the claim (the Eleventh cause of action) for failure to state a claim under Rule 12(b)(6).

### 3. State Law Claims

Plaintiffs have also failed to allege viable state-law claims even if they had standing to bring them.

First, Plaintiffs have not identified any private right of action to pursue their claims against Weyrich or McDermott for not commencing criminal actions. Although Plaintiffs invoke RCW 36.28.011, RCW 9A.08.010, and RCW 42.20.100, none of these provide a private citizen with the right to enforce them. This is fatal to Plaintiffs' First, Second, and Ninth causes of action. And this defect also cannot be cured by amendment.

Second, Plaintiffs have failed to identify a viable claim relating to Weyrich and McDermott's public bonds or oaths of office. As the exhibits submitted with the Complaint make abundantly clear, both obtained public bonds and signed oaths of office before taking office in 2023. Though they were deposited after January 1, 2023, this delay does not mean they vacated their seats under RCW 42.12.010(6). As the Washington Supreme Court has held, not even the failure to obtain a bond supports a finding of vacancy unless there is also evidence of "intended to violate the law or wilfully [sic] failed to perform his duty to secure a bond." Recall of Sandhaus, 134 Wn.2d 662, 670 (1998). Here, the bonds were obtained and there is no evidence that Weyrich and McDermott intentionally or willfully violated the requirement to deposit them before January 1, 2023. This undermines Plaintiffs' claim that Weyrich or McDermott violated RCW 36.16.050 or any provision RCW Title 42 and necessitates dismissal of the Seventh, Eighth, Ninth, Tenth, and Thirteenth causes of action. These claims must be dismissed, and amendment is futile because the bonds and oaths were properly and timely obtained.

The Court DISMISSES all of the state law claims under Rule 12(b)(6).

**D.     No Leave to Amend**

Although Plaintiffs have filed a motion to amend their complaint, the Court finds no basis to allow the motion or amendment. First, the motion to amend fails to comply with the Local Civil Rules, which requires the moving party to "attach a copy of the proposed amended pleading as an exhibit to the motion[.]" Local Civil Rule 15. Second, the motion to amend nowhere indicates what amendments Plaintiffs seek to make or why amendment would be proper. Third, the Court finds that no additional factual allegations could cure the underlying standing defects in the complaint to satisfy the Court's subject matter jurisdiction. All of the rights at issue are too abstract or unenforceable by Plaintiffs. Additionally, no set of facts could cure the pleading defects the Court has identified as to the substance of each federal and state law claim. Because there appear no set of facts that could cure the defects the Court has identified, the Court DISMISSES the claims without leave to amend and DENIES the Motion to Amend.

**CONCLUSION**

The Court lacks subject matter jurisdiction over this action given Plaintiffs' lack standing. The Court DISMISSES the claims for lack of jurisdiction under Rule 12(b)(1). Additionally, the Court finds that Plaintiffs have failed to state a claim under state or federal law sufficient to satisfy Rule 12(b)(6). This is an alternative basis on which it DISMISSES the claims. The Court also finds that the defects in the complaint cannot be cured by amendment and therefore DISMISSES this action WITH PREJUDICE and DENIES the Motion to Amend.

1  The Court also DENIES as MOOT the Motion for Preliminary Injunction (Dkt. No. 16) and Motion to Change Venue (Dkt. No. 29) given the Court's lack of subject matter jurisdiction and cannot grant the relief requested.

The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

Dated August 31, 2023.

Marsha J. Pechman
United States Senior District Judge