UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HART, DERRILL FUSSELL, KEVIN EWING, TIMOTHY GARRISON, STEVEN RINDAL, and KATHY LAFRENIERE,<br><br>Plaintiffs,<br><br>v.<br><br>SKAGIT COUNTY SHERIFF DONALD MCDERMOTT, SKAGIT COUNTY PROSECUTING ATTORNEY RICHARD WEYRICH, COUNTY OF SKAGIT and RLI INSURANCE COMPANY,<br><br>Defendants. | CASE NO. 23-cv-503 MJP<br><br>ORDER GRANTING ATTORNEYS' FEES |

This matter comes before the Court on Defendant RLI Insurance Company's ("RLI") Motion for Attorneys' Fees. (Dkt. No. 45.) Having reviewed the Motion, the materials filed in support of the Motion, and all other relevant materials, the Court hereby AWARDS RLI $3,115.00 in attorneys' fees.

# BACKGROUND

Pro se Plaintiffs allege that Defendant Donald McDermott, Skagit County Sheriff, and Richard Weyrich, Skagit County Prosecuting Attorney, failed to act on Plaintiff Cody Hart's various requests to commence criminal actions against Skagit County election officials for allegedly improper acts in the Fall of 2022. (See Complaint ¶¶ 13-21 (Dkt. No. 1).) Plaintiffs allege these acts violated state and federal law and brought both criminal and civil claims. They also allege that both McDermott and Weyrich violated the public bonding and oath of office requirements. (Compl. ¶¶ 16-21.)

Based on these factual allegations, Defendants brought a Motion to Dismiss for lack of standing and for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 22.) The Court granted the motion, finding Plaintiffs did not have standing, and that they failed to identify any viable claims. (Order Granting Defendants' Motion to Dismiss (Dkt. No. 43).) The Court dismissed all of Plaintiffs claims and entered judgment against Plaintiffs without leave to amend. (Dkt. No. 44.)

Relevant here, is Plaintiffs' eighth cause of action, which is the allegation that Defendants McDermott and Weyrich failed to deposit their official bond. (Compl. ¶ 45.) It is the only cause of action that relates to RLI. In the Court's Order granting the motion to dismiss, the Court noted that Plaintiffs attached to their complaint what they label "Certified Official Bonds," showing both Weyrich and McDermott timely obtained official bonds and signed their oaths of office before January 1, 2023, thus negating their allegations that Weyrich and McDermott vacated their offices. (See Ex. 4 to Complaint (Dkt. No. 1 at 70-75).)

1    RLI's attorneys now seek to recover fees and costs against alleging that Plaintiffs'

2 lawsuit was a frivolous action whose true intent was to harass the named Defendants. (Mot. at 2.)

3 Plaintiffs did not file any briefs in opposition.

4                                    **ANALYSIS**

5   **A.      Legal Standard**

6    RLI's Motion seeks attorneys' fees on three grounds. 28 U.S.C. § 1927, RCW 4.84.185,

7 and the Court's inherent power.

8    A federal court's inherent powers include the power "to fashion an appropriate sanction

9 for conduct which abuses the judicial process," including the assessment of attorneys' fees.

10 Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). A court has the inherent power to assess

11 attorneys' fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive

12 reasons." Id. at 45-46.

13   Under 28 U.S.C. § 1927, an "attorney or other person . . . who so multiplies the

14 proceedings in any case unreasonably and vexatiously may be required by court to satisfy

15 personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

16 conduct." For a court to award sanctions under Section 1927, it must find plaintiffs acted in bad

17 faith. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528 (9th Cir. 1990). Bad faith

18 is present when an attorney or other person litigating a claim "knowingly or recklessly raises a

19 frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Id.

20 (internal quotation and citation omitted). Actions taken with the intent to increase expenses or

21 delay may also constitute bad faith worthy of sanctions. New Alaska Dev. Corp. v. Guetschow,

22 869 F.2d 1298, 1306 (9th Cir. 1989). And Section 1927 sanctions may be imposed upon pro se

23

24

ORDER GRANTING ATTORNEYS' FEES - 3

plaintiffs. Wood v. Santa Barbara Chamber of Com., Inc, 699 F.2d 484, 485-86 (9th Cir. 1983) (cert. denied), 465 U.S. 1080 (1984).

Washington law similarly permits a court to award attorneys' fees to a party asserting frivolous claims without reasonable cause. RCW 4.84.185 provides, in relevant part:

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys . . .

RCW 4.84.185.

A frivolous action under RCW 4.84.185 is one that cannot be supported by any rational argument on the law or facts. Hanna v. Margitan, 373 P.3d 300, 308 (Wash. Ct. App. 2016) (internal quotation and citation omitted).

**B.   Plaintiffs' Claims were Frivolous and Asserted in Bad Faith**

The Court finds that RLI is entitled to attorneys' fees. In its Order granting the motion to dismiss, the Court found that the exhibits submitted with the Complaint made abundantly clear that both McDermott and Weyrich obtained public bonds and signed oaths of office before taking office in 2023. (Order at 9.) Though the bonds were deposited after January 1, 2023, the delay did not mean they vacated their seats under state law. (Id.) Thus, Plaintiffs own exhibits disproved their claims that McDermott and Weyrich violated their bonds. (Id.) The Court dismissed the eighth cause of action due to Plaintiffs lack of standing to bring it and because they failed to state a claim for relief that was plausible on its face. (Id.)

Not only did Plaintiffs bring a meritless claim, the also filed numerous frivolous motions during the pendency of this action. On August 7, 2023, the Court had to sua sponte issue a stay because of the volume of motions Plaintiffs filed that created a backlog for the Court. And Plaintiffs filed three other cases assigned to this Court that asserted causes of actions based on

ORDER GRANTING ATTORNEYS' FEES - 4

1 the theory that various Skagit County elected officials failed to file a timely bond and naming

2 RLI as a Defendant. (Dkt. No. 31 at 3; Mot. at. 3-4.) The cases had identical fact patterns, claims,

3 and overlapping defendants. (Compare Compl. and 2:23-cv-309, 2:23-cv-311, 2:23-cv-312.) The

4 Court similarly dismissed those cases and entered a final judgment in favor or Defendants on

5 August 9, 2012. (Mot. at 4.) The volume of both cases and motions made by Plaintiffs to

6 advance meritless causes of action cannot be ignored.

7 Because Plaintiffs brought a frivolous action and likely did so to harass county officials

8 and RLI, the Court finds bad faith is satisfied. RLI is therefore entitled to attorneys' fees.

9 **C.     RLI is Entitled to Reasonable Attorneys' Fees**

10 Under the lodestar method, a court determines how many hours were reasonably

11 expended in the litigation and then multiplies those hours by a reasonable hourly rate. Fischer v.

12 SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).

13 Defendant asks the Court to award it $3,115.00 in attorneys' fees spend defending this

14 action and $1,040 for anticipated fees spent preparing its Motion for Attorneys' fees, reviewing

15 Plaintiffs' response brief, and preparing its reply brief, for a total of $4,155.00. Defendant

16 identifies 9.7 hours billed by Frank Harrison at an hourly rate of $230.00 and 3.4 hours billed by

17 Paul Friedrich at an hourly rate of $260.00. (Mot. at 11; Declaration of Paul Friedrich, Exhibit A

18 (Dkt. No. 46-1).) RLI's counsel avers that the hourly rates are discounted and are within the

19 range charged by attorneys of similar experience and education within the local community. See

20 State v. Numrich, 197 Wn.2d 1, 32 (2021) (approving billing rates of $600 and $400 for

21 litigation attorneys in Seattle); Black Lives Matter Seattle-King Cnty v. City of Seattle, Seattle

22 Police Dep't, 516 F. Supp. 3d 1202, 1212 (W.D. Wash. 2012) (finding rates of $490 for

23 associates and $575 for partners for a Seattle firm are reasonable).

24

The Court finds that only some of the time claimed is properly awarded. The Court will not award any time spent preparing the Motion for Attorneys' Fees nor any "anticipated" time reviewing Plaintiffs response and drafting a reply brief. Not only did Plaintiffs not file a response brief, but the Court will not award hypothetical or estimated time. <u>Bowers v. Transamerica Title Ins. Co.</u>, 100 Wn.2d 581, 597 (1983) (a requesting attorney "must provide reasonable documentation of the work performed" in order for a court to award fees); <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) (finding same). The Court awards $2,231 for the time Harrison billed and $884 for the time Friedrich billed. The Court therefore awards $3,115.00 in total for attorneys' fees.

## CONCLUSION

The Court finds RLI has reasonable incurred $3,115.00 in attorneys' fees in defending this action. The Court therefore AWARDS $3,115.00 in attorneys' fees. Plaintiffs are jointly and severally liable for this amount. Jointly and severally liable means that each plaintiff is independently liable for the full extent of the damages. This means that if Plaintiffs fail to pay the $3,115.00, RLI may seek to recoup these fees against any individual plaintiff and that plaintiff may collect fees from the other plaintiffs. Plaintiffs have thirty (30) days of entry of this Order to pay RLI.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 30, 2023.

Marsha J. Pechman
United States Senior District Judge