UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HART, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD McDERMOTT, et al.,<br><br>    Defendants. | CASE NO. C23-503 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR CRIMINAL REFERRAL |

This matter comes before the Court on Plaintiffs' Motion for Reconsideration (Dkt. No. 48) and Motion for Criminal Referral (Dkt. No. 49). Having reviewed both Motions and supporting materials, the Court DENIES both Motions.

The Court previously issued an Order dismissing this action with prejudice and without leave to amend. (Order of Dismissal (Dkt. No. 43).) In particular, the Court found that it lacked subject matter jurisdiction over the action because Plaintiffs lacked standing to pursue the claims they alleged. (Id. at 5-7.) The Court explained:

> Article III of the Constitution limits the jurisdiction of federal courts to actual "cases" and "controversies." U.S. Const. art. III, § 2. "One element of the case-or-controversy

> requirement is that plaintiffs must establish that they have standing to sue." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) (internal quotation and citation omitted). To establish standing "a plaintiff must show (1) [they have] suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envt'l. Serv. Inc., 528 U.S. 167, 180-81 (2000). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating each element." Id. (internal quotation and citation omitted). And "a plaintiff cannot establish standing by asserting an abstract general interest common to all members of the public, no matter how sincere or deeply committed a plaintiff is to vindicating that general interest on behalf of the public." Carney v. Adams, ___ U.S. ___, 208 L. Ed. 2d 305, 141 S. Ct. 493, 499 (2020) (citation and quotation omitted).
>
> Plaintiffs' complaint fails to identify any concrete or particularized injury sufficient to confer standing as required under Article III. First, other that Hart, none of the other named Plaintiffs is alleged to have taken any action or suffered any injury. There are therefore no allegations that these individuals suffered any injury that might confer standing. Second, none of the Plaintiffs has identified any injury arising out of the alleged failure of McDermott and Weyrich to file criminal complaints or to publicly file their timely-obtained and timely-signed public bonds and oaths of office. Plaintiffs fail to identify any concrete, personal injury from these alleged omissions or untimely acts or an injury that could be redressed from the relief sought. At most, Plaintiffs have identified an injury to a public interest that is common to all members of the public. This is not a basis to satisfy the injury-in-fact requirement of standing. See Carney, 141 S. Ct. at 499. Based on the allegations, the Court finds that Plaintiffs lack standing to pursue all of their claims. The Court therefore DISMISSES this action for lack of subject matter jurisdiction.

(Id. at 5-6.)

Plaintiffs' newly-identified evidence does not alter the fact that Plaintiffs continue not to have standing to pursue any of the claims alleged in this matter. Plaintiffs have not identified any personal injury sufficient to meet Article III's standing requirements. The Court therefore DENIES the Motion for Reconsideration and DENIES the Motion for Criminal Referral. This matter shall remain closed.

\\

\\

1    The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

2    Dated June 4, 2024.

Marsha J. Pechman
United States Senior District Judge